UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ELVIS McGARY                                    CIVIL ACTION

VERSUS                                          NUMBER: 13-4776

RICHWOOD CORRECTIONAL                           SECTION: "I"(5)
CENTER WARDEN KEITH DEVILLE,
ET AL.


                    **REPORT AND RECOMMENDATION**

    Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Elvis McGary, and the State's response thereto.  (Rec. docs. 1, 16).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that McGary's petition be dismissed with prejudice.

    Petitioner McGary is a state prisoner who is presently incarcerated at the Richwood Correctional Center, Monroe, Louisiana.  On April 1, 2008, McGary was found guilty of purse snatching, a violation of LSA-R.S. 14:65.1, after trial, by jury, in the Twenty-First Judicial District Court for the Parish of

Tangipahoa, State of Louisiana.  On May 21, 2008, following the denial of his motions for a new trial, for a post-verdict judgment of acquittal, and in arrest of judgment, McGary was sentenced to twenty years at hard labor without benefit of parole, probation, or suspension of sentence.

Through appointed counsel, McGary directly appealed his conviction, arguing that:  1) the trial court erred in denying his motion for new trial after the clerk read the wrong bill of information to the jury; and, 2) that the evidence was insufficient to support a conviction.  On May 8, 2009, the Louisiana First Circuit Court of Appeal affirmed McGary's conviction but amended his sentence to delete the restriction on the availability of parole.  State v. McGary, 9 So.3d 357, 2009 WL 1271799 (La. App. 1st Cir. 2009)(table).  From that unfavorable ruling, McGary sought writs from the Louisiana Supreme Court, asserting the same two claims that he had presented in his direct criminal appeal.  Writs were denied by the Louisiana Supreme Court on February 12, 2010.  State v. McGary, 27 So.3d 843 (La. 2010).  McGary's conviction became final ninety days later, or May 14, 2010, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000).

On May 15, 2010, McGary signed a post-conviction relief application ("PCRA") that was formally filed in the trial court on June 7, 2010.  (St. ct. rec., vol. 1 of 2).  In that PCRA, McGary presented the following claims for relief:  1) ineffective assistance of counsel in failing to timely object to the clerk's reading of the wrong bill of information; 2) ineffective assistance of counsel in failing to file a motion to suppress identification; 3) "ineffective assistance of counsel" in that the trial judge accepted a guilty verdict that was unsupported by sufficient evidence; and, 4) ineffective assistance of counsel in failing to investigate the crime scene and subpoena material witnesses who could have exonerated him.  (Id.).  On July 6, 2011, McGary supplemented his PCRA to raise yet a further variation of ineffectiveness, that counsel failed to adequately investigate the law and the facts, thus leading to poor advice as to whether McGary should have accepted a plea agreement.  (Id.).  Following a hearing on September 27, 2011, McGary's PCRA, as supplemented, was denied, with original and amended judgments to that effect being issued on October 11 and 25, 2011.  (Id.).

From the unfavorable ruling of the trial court on his PCRA, McGary sought writs from the Louisiana First Circuit, arguing only that the trial court erred in failing to appoint him counsel for purposes of the hearing that was held on September 27, 2011.  (St.

ct. rec., vol. 2 of 2). That writ application was denied on June 20, 2012. State ex rel. McGary v. State, No. 2012-KW-0596 (La. App. 1st Cir. June 20, 2012)(unpublished order). McGary then sought writs from the Louisiana Supreme Court, presenting as one consolidated claim that counsel was ineffective for: 1) failing to timely object to the clerk's reading of the wrong bill of information; 2) failing to adequately investigate; 3) failing to file a motion to suppress; and, 4) providing poor advice as to whether he should plead guilty. McGary also alleged, as he had in his writ application to the Louisiana First Circuit, that the trial court erred in failing to appoint him counsel for the hearing on his PCRA. (St. ct. rec., vol. 2 of 2). The Louisiana Supreme Court denied McGary's writ application on April 1, 2013. State ex rel. McGary v. State, 110 So.3d 139 (La. 2013). The instant proceeding follows.

In the above-captioned petition which he filed pursuant to §2254, McGary presents the following claims for relief: 1) denial of effective assistance of counsel in failing to timely object to the clerk's reading of the wrong bill of information; 2) denial of effective assistance of counsel in failing to file a motion to suppress; 3) "denial of effective assistance of counsel" in that the trial judge accepted a verdict that was unsupported by the evidence; 4) denial of counsel at the hearing on his PCRA on

September 27, 2011; and, 5) denial of effective assistance of counsel in advising him to reject the State's plea offers. (Rec. doc. 1, pp. 3-4). In McGary's supporting memorandum, however, he varied and re-numbered the foregoing claims to some extent, re-phrasing the third claim as trial court error rather than ineffective assistance of counsel and adding as a sixth claim, a claim which he numbers as claim number four, ineffective assistance of counsel in failing to investigate the crime scene and subpoena witnesses who could have exonerated him. (Rec. doc. 1-1, p. 7).[1]/ In its response to McGary's petition, the State essentially concedes that the petition was timely-filed under 28 U.S.C. §2244(d). (Rec. doc. 16, pp. 4-5). However, the State maintains that a number of the grounds for relief enunciated by McGary were not properly exhausted in the state court system and that his sixth ground fails to state a claim upon which habeas relief can be granted. (Id. at pp. 6-9). McGary has filed no traverse to the State's response.[2]/

---

[1]/ Despite the order in which he listed his claims in the "Issues for Review" portion of his supporting memorandum, McGary briefed the claims in a different order in the body of his memorandum, arguing his fourth-listed claim second, his second-listed claim third, his fifth-listed claim fourth, and entirely omitted any discussion of his third-listed and sixth-listed claims. (Rec. doc. 1-1, pp. 9-17).

[2]/ Under 28 U.S.C. §2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause

As a threshold matter, the Court must first determine if McGary has exhausted state court remedies as to his various claims for relief as required by 28 U.S.C. §2254(b)(1)(A). Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). "To exhaust, a petitioner must have fairly presented the substance of his claim[s] to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001)(internal quotation marks omitted). In order to provide the state with the necessary opportunity to pass upon and correct the alleged violations of a petitioner's constitutional rights, "... the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004)(quoting Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888 (1995))(emphasis added).

In addition, a petitioner's claims for federal habeas corpus relief must have been presented to the state courts in a procedurally proper fashion according to the rules of the state courts. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v.

---

in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

Butler, 837 F.2d 699, 702 (5th Cir. 1988).  A petitioner does not properly exhaust state remedies if he fails to present his claims to all of the lower courts before submitting them to the state's highest court.  James v. Butler, No. 10-CV-1903, 2011 WL 6819030 at *5 (E.D. La. Aug. 26, 2011), adopted, 2011 WL 6819020 (E.D. La. Dec. 28, 2011).  See also, Morton v. Windham, No. 13-CV-0562, 2013 WL 5607217 at *2 (E.D. La. Oct. 14, 2013)(Morgan, J.); Evans v. Rader, No. 13-CV-0196, 2013 WL 2154124 at *1 (E.D. La. Apr. 23, 2013)(Zainey, J.); Doughty v. Louisiana, No. 11-CV-1279, 2011 WL 7643844 at *6 (E.D. La. Dec. 14, 2011), adopted as modified, 2012 WL 1100640 (E.D. La. Apr. 2, 2012)(Vance, J.); Polizzi v. Cooper, No. 09-CV-3972, 2011 WL 798919 at *6 (E.D. La. Feb. 15, 2011), adopted, 2011 WL 794845 (E.D. La. March 1, 2011)(Barbier, J.); Qutoum v. Rogers, No. 05-CV-6630, 2007 WL 2071865 at *2 (E.D. La. July 17, 2007)(Lemmon, J.).

Related to the exhaustion requirement is the doctrine of procedural default, another separate but distinct limit on the availability and scope of federal habeas review.  See Nobles v. Johnson, 127 F.3d 409, 420-23 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845 (1998).  "A procedural default ... occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims would now find the claims procedurally barred.'"  Id. at 420

(quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991)); Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995). With limited exceptions not relevant here, Article 930.8 of the Louisiana Code of Criminal Procedure provides that no application for post-conviction shall be considered by the state courts if it is filed more than two years after the judgment of conviction and sentence of a defendant have become final. The Fifth Circuit has determined that Article 930.8 constitutes an independent and adequate state rule that is regularly applied by the state courts. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

As noted in the procedural history set forth above, of the six claims that were raised in McGary's §2254 petition and supporting memorandum, only two of them were effectively presented to both the Louisiana First Circuit and the Louisiana Supreme Court for exhaustion purposes, those being his third claim challenging the sufficiency of the evidence which was litigated in his direct criminal appeal and his fourth claim that he was denied counsel at the September 27, 2011 hearing on his PCRA. The other four claims, all variations of ineffective assistance of counsel, have never been presented to both the intermediate appellate court and the state's highest court and have thus not been properly exhausted in this state court system. Baldwin, 541 U.S. at 29, 124 S.Ct. at

1349. Given the vintage of McGary's conviction, it would now be too late for him to do so under Article 930.8. Accordingly, federal habeas review of McGary's four ineffectiveness claims is barred unless he can establish cause for his procedural default and actual prejudice as a result of the alleged constitutional violations, or if he can demonstrate that the failure to entertain the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991).

McGary cannot establish cause for failing to present his four ineffective-assistance-of-counsel claims to both the Louisiana First Circuit and the Louisiana Supreme Court prior to the expiration of the time period set forth in Article 930.8. Although the four claims were presented to the trial court in his PCRA and subsequent supplement, they were not thereafter urged to the Louisiana First Circuit in McGary's writ application to that tribunal. As no external impediment prevented McGary from doing so, the requisite showing of cause has not been made here. Moore v. Roberts, 83 F.3d 699, 704 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772 (1997). Without a showing of cause, the Court need not consider the element of prejudice. Murray v. Carrier, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986). Likewise, because McGary makes no credible showing of actual innocence, he has not

demonstrated that a fundamental miscarriage of justice will occur if his four ineffectiveness claims are not considered. Glover, 128 F.3d at 904.

Having disposed of McGary's four unexhausted and procedurally-barred claims, the Court now turns to the merits of the other two claims that he properly exhausted in the state court system through his direct criminal appeal and through the PCRA process. In the first of those, McGary essentially argues that the evidence presented at his trial was insufficient to support a conviction. The appropriate standard for review of such a claim is "... whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). The Fifth Circuit has held that in making determinations on the sufficiency of the evidence, the Court should not substitute its view of the evidence for that of the fact finder, but should consider all of the evidence in the light most favorable to the prosecution. Whitmore v. Maggio, 742 F.2d 230, 231-32 (5th Cir. 1984). The assessment of whether the commission of a crime is adequately supported by the record necessarily entails reference to the substantive elements of the criminal offense as defined by state law. Alexander v. McCotter, 775 F.2d 595, 597-98 (5th Cir.

1985); Turner v. McKaskle, 775 F.2d 999, 1001 (5th Cir. 1983).

Louisiana law defines the crime of purse snatching as "... the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon." LSA-R.S. 14.65.1(A).

In passing upon McGary's insufficiency-of-evidence claim in the context of his direct criminal appeal, the Louisiana First Circuit summarized the evidence presented at his trial, complete with citations to the trial transcript, as follows:

> ... the victim testified that as she bent over to unload her groceries she felt something pulling her back. She fell to the ground and realized someone was pulling her purse, which was wrapped around her shoulder. She tried to hold on to the purse but was ultimately overtaken. (R. 264). She hollered, "He stole my purse." The victim further testified that she did not see the perpetrator's face, only his hands and feet. Although she assumed that he did so, she did not actually see the assailant get in a truck after he took her purse. She stated that she was still trying to get off the ground and noted that the truck took off very quickly. R. 264-267). The victim remembered that the truck was dark colored. (R. 267).
>
> Gregory Starkey, Sr., was loading his groceries into his truck at the time of the offense. (R. 269). Starkey heard a commotion, turned, and saw a man "jerk a purse off this lady's shoulder and pull her to the

ground." (R. 269). Starkey specified that the assailant entered the passenger side of the vehicle with the purse and they left the parking lot. Starkey got into his truck and followed the perpetrator. Starkey testified that he followed two males in a black Ford truck. (R. 269-70). Starkey got the license plate number from the vehicle and used his cellular telephone to call 911 for connection to the Ponchatoula Police Department. (R. 270). As Starkey pursued the assailants, they drove to U.S. Highway 51 and traveled south along railroad tracks. Starkey continued to follow them as they approached an intersection and began travelling north on Interstate Highway 55. Starkey noted that it was not a high-speed chase, specifying that the perpetrators observed the speed limit and traffic lights and signs. Starkey testified that he never lost sight of the vehicle. When they began travelling east on I-12, the police, who were still communicating with Starkey via his cellular telephone, approached and began to pursue the vehicle designated by Starkey. Starkey had followed the vehicle for approximately ten minutes before the police arrived. (R. 272). Starkey observed the individual who took the purse run into the woods after the police stopped the truck. According to Starkey, the man did not have the purse when he fled into the woods with the police giving chase. (R. 273). Starkey went to the police station to check on the victim and give a statement.

Starkey testified that he was about fifteen yards away from the crime at the time of its commission and that he was able to get a good look at the assailant. (R. 272). Starkey identified the defendant in court as the person who forcefully snatched the victim's purse from her shoulder. (R. 272). On cross-examination, Starkey confirmed that his statement described the assailant as a middle-aged black male. (R. 274-75). Starkey

stated that he was able to further observe the assailant's face in the side mirror of the truck. (R. 275). He stated that he will never forget the incident.

Officer Morris Mashon of the Ponchatoula Police Department had been dispatched to the scene because of a reported purse snatching. Officer Mashon was advised by dispatch that the vehicle in question was getting on the interstate. (R. 286). At that time, he and another officer were also approaching the interstate. Officer Mashon identified the vehicle, a black Ford pickup truck, confirmed the reported license plate number, and signaled for the driver to stop. They gave chase for about two to three miles before the vehicle stopped. At that point, the passenger jumped out of the vehicle, slung a purse to the ground, and fled into a wooded area. The officers pursued the individual. (R. 286). As he avoided a fence and a tree, the assailant turned toward Officer Mashon. At this point, the officer was able to get a good look at the individual's face. (R. 287). The officer identified the defendant in court as the individual who abandoned the purse before fleeing into the woods and escaping. (R. 287). The officers recovered the purse and it was returned to the victim. The victim's money was still in the purse, but other items were missing. (R. 287-88). The defendant was arrested a few days later. (R. 287).

During cross-examination, Officer Mashon confirmed that his police report did not state that the perpetrator turned around during the chase. (R. 289-90). Officer Mashon also testified that the driver of the truck, whose identify was not disclosed, was apprehended that day. (R. 291). Officer Mashon testified that the defendant was the last person of several that he gave chase to prior to the trial. (R. 293). The defense did not present any witnesses.

Where the key issue is the defendant's identity as the perpetrator, rather than whether or not the crime was committed, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. *State v. Smith*, 430 So.2d 31, 45 (La. 1983); *State v. Long*, 408 So.2d 1221, 1227 (La. 1982). Positive identification by only one witness may be sufficient to support the defendant's conviction. *State v. Hayes*, 94-2021, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 92, 94, *writ denied*, 95-3112 (La. 4/18/97), 692 So.2d 440.

We find that the state's evidence negated any reasonable probability that the defendant was not properly identified as the assailant. Starkey had the opportunity to observe the incident without interruption. Specifically, Starkey had a clear look at the assailant as the offense took place, observed him get into the vehicle on the passenger side, and continued to observe the assailant as he pursued him in assistance of the police. Starkey positively identified the assailant as the defendant. Furthermore, Officer Mashon testified that he got a clear look at the individual who fled into the woods from the passenger side of the vehicle identified by Starkey. Officer Mashon also positively identified the defendant. The guilty verdict returned in this case indicates that the jury believed the testimony of the state's witnesses.

After a careful review of the record, we believe that a rational trier of fact, viewing all of the evidence in the light most favorable to the prosecution, could have concluded that the state proved beyond a reasonable doubt that the defendant was guilty of purse snatching and that the state negated every reasonable probability of misidentification. This assignment of error

> is without merit.
>
> McGary, 2009 WL 1271799 at *4-6.

Having reviewed the trial transcript in its entirety, the Court readily agrees with the Louisiana First Circuit's assessment of the evidence. McGary points to nothing that would alter the state courts' conclusion and the Court is hardly in a position to second-guess the jury's obvious credibility determinations. See, e.g., Marler v. Blackburn, 777 F.2d 1007, 1011-12 (5th Cir. 1985); Armstead v. Maggio, 720 F.2d 894, 896-97 (5th Cir. 1983); Dunn v. Maggio, 712 F.2d 998, 1001 (5th Cir. 1983), cert. denied, 465 U.S. 1031, 104 S.Ct. 1297 (1984). The state courts' determinations are entitled to great weight here, Poretto v. Stalder, 834 F.2d 461, 467 (5th Cir. 1987), and are far from being so objectively unreasonable so as to justify federal habeas relief. Virgil v. Dretke, 446 F.3d 598, 604 (5th Cir. 2006).

Even if McGary's four ineffective-assistance-of-counsel claims were not procedurally barred due to non-exhaustion, the Court would nevertheless deny those claims on the merits based upon the resolution of his insufficiency-of-evidence claim. In order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner would normally have to satisfy the two-pronged test articulated by the Supreme Court in Strickland v. Washington, 466

U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984) by demonstrating that: 1) counsel's performance was deficient and 2) that the deficient performance prejudiced the defense.  The burden of proving either element of Strickland is a heavy one and if proof of one element is lacking, the Court need not consider the other.  Id. at 697, 104 S.Ct. at 2069.  Much like the standard of review of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as codified in §2254(d), Strickland imposes a highly deferential standard "... and when the two apply in tandem, review is 'doubly' so."  Harrington v. Richter, ___ U.S. ___, ___, 131 S.Ct. 770, 788 (2011)(quoting Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420 (2009)).  Moreover, "[i]f the facts adduced at trial point so overwhelmingly to the defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, then the defendant's ineffective assistance claim must fail.  Green v. Lynaugh, 868 F.2d 176, 177 (5th Cir.), cert. denied, 493 U.S. 831, 110 S.Ct. 102 (1989).

In light of the compelling eyewitness evidence presented at McGary's trial, his four ineffective-assistance-of-counsel claims would be subject to dismissal on the merits even if they were not procedurally barred from habeas review.  Green, 868 F.2d at 177.  Indeed, a review of the trial transcript confirms the strength of the State's case as it took the jury all of twenty-one minutes

before returning its unanimous verdict of guilty.  (R. 153-156). On the merits, McGary's ineffectiveness claims fail.

In his final claim for relief, McGary alleges that he was denied counsel at the September 27, 2011 hearing that was held on his PCRA.  Prior to that hearing, McGary filed a number of motions incidental to his original PCRA and supplemental PCRA along with proposed orders.  On August 3, 2011, the trial judge signed one of those proposed orders, scheduling an evidentiary hearing for August 31, 2011 and appointing counsel for McGary "... to assist him in his preparation for and presentation @ said hearing."  (St. ct. rec., vol. 2 of 2).  That hearing was subsequently continued to September 27, 2011.  While the first page of the transcript of that hearing reflects that McGary was appearing "in proper person", the minutes from the hearing and a review of the transcript reveals that he was attended by Sonja Bradley of the Indigent Defendant Board who admittedly questioned whether a conflict was presented. (St. ct. rec., vols. 1 and 2).  McGary argued the merits of the PCRA himself which was denied.

McGary's claim, that he was denied counsel at the hearing on his PCRA, is thus not factually accurate.  More importantly, however, federal law is clear that states are not constitutionally required to provide post-conviction remedies to persons convicted in their courts so long as they have provided some avenue for

17

direct review of the conviction. <u>Murray v. Giarratano</u>, 492 U.S. 1, 8, 109 S.Ct. 2765, 2769 (1989); <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994 (1997); <u>United States v. MacCollom</u>, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090-91 (1976); <u>McCoy v. Lynaugh</u>, 874 F.2d 954, 966 (5th Cir. 1989). That this is so is made clear by a reading of 28 U.S.C. §2254(i) which now provides that "[t]he ineffectiveness or incompetence of counsel during ... State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." As the omission of which McGary complains occurred in the context of post-conviction proceedings, proceedings to which he is not constitutionally entitled to at all, no constitutional violation is apparent. <u>See</u> <u>also</u> <u>Morris v. Cain</u>, 186 F.3d 581, 585 n.6 (5th Cir. 1999); <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995), <u>cert</u>. <u>denied</u>, 518 U.S. 1022, 116 S.Ct. 2559 (1996).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Elvis McGary be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

    New Orleans, Louisiana, this  20th  day of   February  , 2014.

                                       ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE